# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2026

Lyle W. Cayce
Clerk

No. 25-11319
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Wayne Edward Greer,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-456-1

Before Davis, Richman, and Oldham, *Circuit Judges*.

Per Curiam:*

Wayne Edward Greer appeals his conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Greer to 57 months of imprisonment and three years of supervised release.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-11319

First, Greer argues that § 922(g)(1) is unconstitutional on its face and because it exceeds Congress's power under the Commerce Clause. However, those arguments are foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025); *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013). Similarly, Greer's as-applied challenge to § 922(g)(1) is unavailing. *See United States v. Clark*, 148 F.4th 785, 788–89 (5th Cir. 2025).

Second, Greer asserts that the district court erred in applying the U.S.S.G. § 2K2.1(b)(6)(B) (now designated as § 2K2.1(b)(7)(B)) offense level enhancement because there was no evidence he possessed the firearms in connection with drug trafficking. However, the district court's finding to the contrary was plausible in light of the record as a whole and, therefore, was not clearly erroneous. *See United States v. Bass*, 996 F.3d 729, 742 (5th Cir. 2021); *Alcantar*, 733 F.3d at 146–48.

The judgment of the district court is AFFIRMED.